IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARY H. REYNOLDS )
 )
 v. ) NO. 3:11-1039
 )
HEADS UP HAIRCUTTING CENTER, )
ROGER SCRUGGS and BRENDA SCRUGGS )

**O R D E R**

Pursuant to Order entered December 5, 2011 (Docket Entry No. 7), process was issued in this pro se action to the three defendants named in the complaint – Heads Up Haircutting Center, Brenda Scruggs, and Roger Scruggs – on the plaintiff's claims of employment discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 et seq. and his claim for defamation.[1] The defendants answered the complaint, see Docket Entry Nos. 13 and 14, and, on March 1, 2012, Defendants Brenda and Roger Scruggs filed a motion to dismiss the complaint against them. See Docket Entry No. 15.

By Order entered April 11, 2012 (Docket Entry No. 18), the plaintiff was given a deadline of May 4, 2012, to respond to the motion to dismiss. However, the plaintiff has not filed any type of response to the motion to dismiss. Further, the record in the action shows that the plaintiff has not taken any action to prosecute his claims since returning service packets for the defendants in January 2012, and shows that the copy of the Order entered April 11, 2012, sent to the plaintiff by

---

[1] By Order entered November 24, 2011 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

certified mail at the address he provided in his complaint was returned undeliverable with the notation "return to sender," "vacant," and "unable to forward." See Docket Entry No. 23.

Accordingly, by June 20, 2012, the plaintiff shall file: 1) a response to the pending motion to dismiss; and 2) a notice of whether or not he intends to prosecute this action. Failure to comply with this Order shall result in a recommendation for dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge