IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CARY H. REYNOLDS | ) | |
| | ) | |
| v. | ) | NO. 3:11-1039 |
| | ) | |
| HEADS UP HAIRCUTTING CENTER, | ) | |
| ROGER SCRUGGS and BRENDA SCRUGGS | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered November 4, 2011 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. §§ 636(b) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

For the reasons set out below, the Court recommends that this action be dismissed with prejudice.

## I. BACKGROUND

Pursuant to Order entered December 5, 2011 (Docket Entry No. 7), process was issued in this pro se action to the three defendants named in the complaint – Heads Up Haircutting Center, Brenda Scruggs, and Roger Scruggs – on the plaintiff's claims of employment discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 et seq., and his claim

for defamation. The defendants filed answers (Docket Entry Nos. 13 and 14), and, on March 1, 2012, Defendants Brenda and Roger Scruggs filed a motion to dismiss the complaint against them. See Docket Entry No. 15.

By Order entered April 11, 2012 (Docket Entry No. 18), the plaintiff was given a deadline of May 4, 2012, to respond to the motion to dismiss. However, the plaintiff failed to file any type of response to the motion. Because the record showed that the plaintiff had not taken any action to prosecute his claims since returning service packets for the defendants in January 2012, and that the copy of the Order entered April 11, 2012, mailed to the plaintiff at the address he provided in his complaint was returned as undeliverable with the notations "return to sender," "vacant," and "unable to forward," see Docket Entry No. 23, the Court entered an Order on June 7, 2012 (Docket Entry No. 24), directing that the plaintiff file, by June 20, 2012, a response to the pending motion to dismiss and a notice of his intention to prosecute this action. The record shows that the copy of the June 7, 2012, Order mailed to the plaintiff was returned as undeliverable with the notations "return to sender," "attempted – not known," "unable to forward," and "not at this address." See Docket Entry No. 26.

## II. CONCLUSIONS

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction.

In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of the plaintiff's failure to comply with the directives of the Court and his failure to take steps to prosecute the action. Dismissal of the action with prejudice is appropriate in light of the plaintiff's disregard of the Court's Order entered June 7, 2012, his failure to provide any valid justification for his actions, and the impasse in further proceedings in the action caused by the plaintiff's conduct. Given the plaintiff's apparent disinterest in the action, a sanction lesser than dismissal is not warranted.[1]

**RECOMMENDATION**

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

---

[1] The fourteen day period for filing objections to this Report and Recommendation provides the plaintiff with yet another opportunity to show why the action should not be dismissed.

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to send a copy of this Report and Recommendation, as well as the Order entered July 12, 2011 (Docket Entry No. 50), to the plaintiff at both the address listed for the plaintiff on the docket and to the Sumner County Jail, 117 W. Smith Street, Gallatin, TN 37066..

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge